UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CHARLES WREN,<br><br>Plaintiff,<br><br>v.<br><br>THUNDER VALLEY CASINO, et al.,<br><br>Defendant. | Case No. 1:21-cv-00901-NONE-EPG<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND<br><br>(ECF No. 5)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS |

Plaintiff Jeffrey Charles Wren is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. Plaintiff filed his initial complaint on June 7, 2021, and on July 2, 2021, filed his first amended complaint (FAC).[1] (ECF No. 5).

The Court has reviewed the FAC and concludes that this Court lacks jurisdiction over some of the claims, other claims are barred by judicial immunity, and any remaining claims are not cognizable. Because these deficiencies cannot be cured, it is recommended that leave to amend be denied.[2]

---

[1] Plaintiff is advised that his first amended complaint, filed as a matter of right, *see* Fed. R. Civ. P. 15(a)(1), supersedes the original complaint. *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*).

[2] In the discussion of Plaintiff's FAC below, minor alterations, such as correcting misspellings and adding

1

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[3] 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court also screens the complaint under 28 U.S.C. § 1915. (ECF No. 4). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that" the action is "frivolous or malicious" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

---

necessary punctuation have been made to Plaintiff's quoted statements without indicating each specific change.

[3] Plaintiff names a judicial officer in the FAC; however, the other defendants are not governmental entities or employees.

## II. SUMMARY OF PLAINTIFF'S FAC

In the caption of Plaintiff's FAC, he lists Thunder Valley Casino, President Jessica Tavares, Mallisa Tavares, and "I Don't Know Who or If."[4] (ECF No. 5, p. 1). On a separate page of the FAC under the heading, "Defendants," Plaintiff also lists United States Magistrate Judge Stanley A. Boone. (*Id.* at 2).

As for the jurisdictional basis for this action, the FAC states as follows: "Civil suit, to get my casino money cash monthly." (*Id.* at 1). Plaintiff states that the violations underlying his three causes of action occurred in Roseville, California. (*Id.*).

For his first claim, Plaintiff states that he is "a pre-accepted Madiy Thunder Valley Casino Native California born American Indian 40% blood quantum." (*Id.* at 3). He believes "somebody may be taking [his] casino cash maybe Mallisa Tavares Casino President's daughter." (*Id.*). He also states that "I'm pre-accepted Jessica Tavares at casino meet" and that he has "been so injured" and "headshot too many times." (*Id.*).

As to Magistrate Judge Boone, Plaintiff appears to reference a prior case with Magistrate Judge Boone, "Magistrate Stanley Boone v. Thunder Valley Casino," and states as follows: "Stanley Boone Magistrate I need help like we have previously spoke to get my monthly check from Thunder Valley Casino 2000, to 2400 dollars a monthly check from my own pre-accepted roll number. I am the first 1975 Madiy Indian." (*Id.* at 2-3). He also says, "I'll pay you." (*Id.* at 3).

For his second claim, Plaintiff appears to provide instructions for the deposit of any monthly casino payments he would receive. He states as follows: "Deposited to prison trust account office my single personal account," and states that his prison mail is "stolen." (*Id.* at 4). He also appears to indicate that some of the money should go to Magistrate Judge Boone, "A small [] amount to Magistrate every month to get US paid 25 to 50 dollars or one lump sum then ten dollars a month as Magistrate Stanley Boone said." (*Id.*).

For his third claim, Plaintiff seeks to have "civil writs and suspended death sentence." (*Id.* at 5). Plaintiff requests "emergency injunctive relief for death sentence" and also appears to

---

[4] The "I Don't Know Who or If" Defendant is never identified in the FAC and Plaintiff does not assert any claims against this person.

3

appeal to Magistrate Judge Boone to help him: "Magistrate Stanley Boone you told me if I got stuck you would help." (*Id.*). He then references a drunk driving conviction: "I'm stuck same drunk driving misdemeanor crime 4th asleep in vehicle." (*Id.*). He concludes by saying, "Also had prior suit you filed casino." (*Id.*).

For his requested relief, Plaintiff states: "Emergency injunctive relief release (First). (Secondly) to get my California Native born American Indian casino monthly payment from Thunder Valley Casino. (Third) Put money in my own prison account." (*Id.* at 6).

### III. ANALYSIS OF PLAINTIFF'S FAC

The Court considers the allegations against each Defendant in turn.[5]

#### A. Mallisa Tavares, Jessica Tavares, and Thunder Valley Casino

As best as the Court can tell, Plaintiff asserts that he is a member of a Native American tribe, which membership entitles him to monthly payments from the Thunder Valley Casino. However, Mallisa Tavares or Jessica Tavares have exercised some position of authority to prevent him from receiving his owed monthly payments.

However, even accepting as true the allegations regarding Plaintiff's tribal membership, the Court lacks jurisdiction to adjudicate any cause of action relating to casino proceeds. As the Ninth Circuit has explained, claims involving "recognition as members" of an Indian tribe and entitlement to "share in the revenue of that tribe's . . . casino . . . cannot survive the double jurisdictional whammy of sovereign immunity and lack of federal court jurisdiction to intervene in tribal membership disputes." *Lewis v. Norton*, 424 F.3d 959, 960 (9th Cir. 2005). This is because "a tribe is immune from federal court jurisdiction in disputes regarding challenges to

---

[5] The allegations against Mallisa Tavares, Jessica Tavares, and Thunder Valley Casino arise from events occurring in Roseville, California, which is located in Placer County. (ECF No. 5, p. 3). While the Sacramento division is assigned cases arising in Placer County under Local Rule 120(d), this action also contains allegations against Magistrate Judge Boone, who presides in the Fresno division. After reviewing the allegations in the FAC, the Court does not find it to be more convenient, at this time, or in the interest of justice to transfer this action to the Sacramento division. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."); *see also* Local Rule 120(f) ("Whenever in any action the Court finds upon its own motion, motion of any party, or stipulation that the action has not been commenced in the proper court in accordance with this Rule, or for other good cause, the Court may transfer the action to another venue within the District.").

4

membership in the tribe." *Id.* at 961. In fact, in connection with a habeas petition brought by Defendant Jessica Tavares regarding per capita distributions as a benefit of her tribal membership, the Ninth Circuit held that "[a]ny disputes about per capita payments *must be brought in a tribal forum*, not through federal habeas proceedings." *Tavares v. Whitehouse*, 851 F.3d 863, 870 (9th Cir. 2017) (emphasis added).

Tribal immunity arises because tribes are regarded "[a]s separate sovereigns pre-existing the Constitution" and are thus generally "unconstrained by those constitutional provisions framed specifically as limitations on federal or state authority." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56 (1978). While other plaintiffs have argued that the Indian Gaming Regulatory Act has acted as a waiver of tribal sovereign immunity in the gaming arena, the Ninth Circuit has rejected this argument:

> To the contrary, 25 C.F.R. § 290.23 explicitly states that "disputes arising from the allocation of net gaming revenue and the distribution of per capita payments" are to be resolved through "a tribal court system, forum or administrative process." The IGRA and related regulations therefore do not waive the tribe's sovereign immunity over this intra-tribal membership dispute.

*Lewis v. Norton*, 424 F.3d at 963. Accordingly, this Court has no jurisdiction to decide whether Plaintiff is entitled to casino proceeds.

**B. Magistrate Judge Boone**

Reading the FAC liberally, Plaintiff appears to reference a prior case with Magistrate Judge Boone involving Thunder Valley Casino, "Magistrate Stanley Boone v. Thunder Valley Casino," that Plaintiff believes that Magistrate Judge Boone failed to properly adjudicate.[6] (ECF No. 5, p. 2). However, if there is such a case, Magistrate Judge Boone is entitled to judicial immunity for his role as the presiding judge.

"It has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'" *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)). "A judge will not

---

[6] The Court was unable to locate any prior case involving Plaintiff, Judge Boone, and the Thunder Valley Casino. It may be that Plaintiff is inviting Judge Boone to act as a legal advisor for this case, rather than asserting any claims against him.

be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley*, 80 U.S. at 351). Here, the threadbare allegations that can be construed against Magistrate Judge Boone fail to indicate that Magistrate Judge Boone acted in the clear absence of all jurisdiction; thus, Magistrate Judge Boone is entitled to judicial immunity.

Additionally, Plaintiff appears to ask Magistrate Judge Boone to help obtain his release from prison: "Magistrate Stanley Boone you told me if I got stuck you would help." (ECF No. 5, p. 5). He indicates that he is imprisoned due to a drunk driving conviction: "I'm stuck same drunk driving misdemeanor crime 4th asleep in vehicle." (*Id.*). Informing this conclusion is the relief section of the FAC, which asks for "release" as part of emergency injunctive relief. (*Id.* at 6). However, if Plaintiff seeks release from prison, he must pursue habeas or other similar relief.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. This "favorable termination rule" preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of confinement or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. *Muhammad v. Close*, 540 U.S. 749, 750-751 (2004). Accordingly, a civil action "is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81-82; *Kelly v. Marlow*, No. CIV S-09-2749-FCD-CMK, 2010 WL 529497, at *1 (E.D. Cal. Feb. 12, 2010), *report and recommendation adopted*, No. CV S-09-2749-FCD-CMK, 2010 WL 11579800 (E.D. Cal. Mar. 19, 2010) ("Where an action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the underlying conviction or sentence, such a claim is not cognizable unless the conviction or sentence has first

been invalidated on appeal, by habeas petition, or through some similar proceeding."). Here, any release from prison relating to Wren's drunk driving conviction would necessarily imply the invalidity of his confinement and thus he must first pursue habeas relief or some similar proceeding.

**IV.     CONCLUSION AND RECOMMENDATIONS**

For the foregoing reasons, the Court recommends dismissing Plaintiff's First Amended Complaint with prejudice, based on lack of jurisdiction, judicial immunity, and non-cognizable claims.

The Court does not recommend granting leave to amend in this case. This is Plaintiff's FAC, although the Court did not screen the initial complaint. As discussed above, Plaintiff's central allegations do not state claims subject to this Court's jurisdiction and his remaining claims, if any, are barred by judicial immunity or are not cognizable; thus, these defects cannot be cured through amendment.

Based on the foregoing,

1. The Court RECOMMENDS that:
    a. This action be DISMISSED, with prejudice, based on lack of jurisdiction, judicial immunity, and non-cognizable claims;
    b. That Plaintiff be denied leave to amend his FAC; and
    c. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\
\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 12, 2021**__  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE