UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CHARLES WREN,<br><br>Plaintiff,<br><br>v.<br><br>THUNDER VALLEY CASINO, et al.,<br><br>Defendant. | No. 1:21-cv-00901-NONE-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 7) |

Plaintiff Jeffrey Charles Wren is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. Plaintiff filed his initial complaint on June 7, 2021, and on July 2, 2021, filed his first amended complaint. (Doc. No. 5.) The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 12, 2021, the assigned magistrate judge entered findings and recommendations, recommending that plaintiff's FAC be dismissed with prejudice and without leave to amend based on lack of jurisdiction, judicial immunity, and plaintiff's assertion of non-cognizable claims. (Doc. No. 7.) On July 22, 2021, plaintiff filed a motion, addressed to Chief Judge Kimberly J. Mueller, to "dismiss at once" the assigned magistrate judge from this case. (Doc. No. 8). On July 23, 2021, plaintiff filed a document that, liberally construed, sets forth objections to the pending findings and recommendations. (Doc. No. 9.) Finally, on August 5, 2021, plaintiff

filed another document, again addressed to Chief Judge Mueller, that appears to request that Judge Mueller "take" *Wren v. Gamboa,* Case No. 1:21-cv-00753 SKO, onto her own docket, perhaps because she is presiding over another case filed by plaintiff, *Wren v. Mule Creek Prison et al.*, Case No. 2:21-cv-903. (Doc. No. 10.) The document filed by plaintiff on August 5, 2021, cites the above-captioned matter but does not request any specific action be taken here. Accordingly, the undersigned will disregard that filing.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis. Plaintiff's objections do not call into question the reasoning or conclusions contained within the findings and recommendations. To the extent plaintiffs' request to "dismiss" the assigned magistrate judge can be construed as a motion seeking recusal, plaintiff has presented no valid basis for such a motion. Mere disagreement with a judge's orders or the reasoning supporting those orders is insufficient to support recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (stating that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").[1]

Accordingly,

1. Plaintiff's motion to dismiss or recuse the assigned magistrate judge (Doc. No. 8) is denied;
2. The findings and recommendations issued on July 12, 2021, (Doc. No. 7), are adopted in full;
3. Because the motion for case reassignment (Doc. No. 10) requests no relief in this case, it will be disregarded here, and the Clerk of the Court shall administratively terminate its designation of that filing as a motion;

/////

---

[1] Nor has plaintiff presented a basis upon which to suggest that Chief Judge Mueller should decide whether recusal of the magistrate judge is appropriate in this case. Judge Mueller may be presiding over another case filed by plaintiff, but no rule or statute assigns her the task of addressing recusal issues throughout this judicial district.

4. This case is dismissed, with prejudice, based on lack of jurisdiction, judicial immunity, and plaintiff's assertion of non-cognizable claims;

5. Because further amendment would be futile in light of the already noted deficiencies, plaintiff is denied leave to amend his FAC; and

6. The Clerk of the Court is directed to assign a district judge to this action for purposes of closure and to close this case.

IT IS SO ORDERED.

Dated:   **August 10, 2021**   _____
UNITED STATES DISTRICT JUDGE